Peok, J.,
delivered tbe opinion of tbe court:
This claimant by bis petition represents that be beld tbe office of United States consul at tbe city of Mexico on tbe 8tb day of April, 1866, and that William H. Corwin, tbe secretary of legation and cbargé d’affaires of tbe United States in Mexico, left tbe city of Mexico on that day, turning over to claimant tbe archives and property belonging to tbe United States legation, directing bim to act in said Corwin’s place and stead until further orders from tbe State Department.
That by tbe foregoing direction from said Corwin, which tbe claimant calls an appointment, be was required to perform and did perform diplomatic functions and all tbe duties of a cbargé d’affaires from tbe said 6th day of April, 1866, to tbe 21st of June, 1867.
That on tbe said 21st of June, 1867, be was appointed United States minister, and performed tbe duties of that office, in conformity with instructions from tbe State Department, until notified that said appointment was not approved by tbe Senate $ whereupon be immediately returned to Washington and reported at tbe State Department on November 1,1867.
That tbe Fifth Auditor certified bis salary account as consul in charge of legation, from April 8,1866, to June 20,1867, at tbe rate of f2,000 per annum; and as minister, “ to September 30, from the 21st of June, 1867,” at tbe rate of $12,000 per annum.
That tbe First Comptroller deducted all allowance to bim “ as consul in charge of legation and as minister, but admitted and certified tbe salary of a consul.
Claimant insists by bis petition that be is justly entitled to tbe salary provided by law for the office of cbargé d’affaires, or at least of u a consul in charge of legation,” from April 8, 1866, to June 21, 1867, and to tbe salary provided by law for the office of minister from tbe 21st day of June, 1867, to tbe 1st day of November, the day of bis arrival at Washington, on bis return from Mexico.
We find tbe facts to be that the claimant was consul between the 8th day of-April, 1866, and the 1st day of November, 1867. This conclusion is reached by including tbe time which tbe claimant assumes be acted as minister and “consul in charge of legation.” We do not find that be was authorized to *439 perform diplomatic functions for tbe length of time be claims. For that purpose it was necessary he should have had express authority &om the President of the United States through the proper secretary. Mr. Corwin, the retiring minister, could not make the appointment which the claimant relies upon in his petition. It did not rest with him to do so.
By act of Congress approved 18th August, 1856, it is declared that u no consular officer sh^ll exercise diplomatic functions, or hold' any diplomatic correspondence or relation on the part of the United States, in, with, or to the government or country to which he shall be appointed, or any other country or government, when there shall be in such country, any officer of the United States authorized to perform diplomatic functions therein, nor in any ease, unless expressly authorized by the President so to do.” (See Brightley’s Digest, page 158, § 58.)
We are asked to presume that the claimant was authorized to perform diplomatic functions from the correspondence in the record, without any evidence that the President authorized it.' This would be carrying the doctrine of presumptions to an unreasonable extent. We might well presume, if the Secretary of State so said or recognized the action of a consul who exercised diplomatic functions, that the President had authorized the officer to do so. 11 As a general incident to all presumptive evidence, it is requisite that it shall have proper foundation, and not rest upon mere suggestion or surmise. Mere preponderance of probability is not sufficient to constitute a presumption. A presumption can only be supplied when the circumstances are such as to render the opposite supposition improbable. A person who rests his case on the argument that certain circumstances which he adduces afford a presumption of the existence of a disputed fact, is not entitled to any attention whatever if he is in a condition to give direct and positive evidence of the fact if it exists.” In this case we are asked to presume against both the law and the fact.
In conformity to a request from the claimant, this court on the 25th day of November, 1868, applied to the Secretary of State for information; in response to which the Secretary of State sent a memorandum making statements in reference to the services rendered by claimant, which does not state with directness whether the claimant did or did not perform diplomatic functions in Mexico, under his authority or that of the President. *440 Iii reply to a second application on the same behalf, dated the 30th December, 18G8, requesting the Secretary of State to certify to the court the official position of the claimant between the 8th day of April, 1806, and the 1st day of November, 1867, and particularly whether the claimant was authorized to perform diplomatic functions, that gentleman replied, in his official character, under the seal of the Department of State, that claimant “was not required to perform, and did not perform, diplomatie functions during said time f but that he did perform diplomatic functions from the 19th day of August, 1867, until the 9th day of September, folio wing.
For the time certified he is entitled to the additional compensation allowed for a secretary of legation, which we understand to be at the rate of $1,800 per annum.
We would allow the claimant for his services as minister at Mexico had he taken the oath of office required by.the statute, before any person authorized to administer it. Without that the statute forbids the allowance. It 'says:
“ That hereafter every person elected or appointed to any office of honor or profit under the Government of the United States, either in the civil, military, or naval departments of the public service, (excepting the President of the United States,) before entering upon the duties of such office, and before being entitled to the salary or other emoluments thereof, take and subscribe the following oath or affirmation:
“ ‘ I,-, do solemnly swear that I have never voluntarily borne arms against the United States since I have been a citizen thereof,- that I have voluntarily given no aid, countenance, counsel, or encouragement to persons engaged in armed hostility thereto; that I have neither sought nor accepted, nor attempted to exercise the functions of any office whatever, under any authority or pretended authority in hostility to the United States; that I have not yielded voluntarily any support to any pretended government, authority, power, or constitution, within the United States, hostile or inimical thereto.
■ “1 And I do further swear that, to the best of. my knowledge and ability, I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion, and that I will well and faithfully discharge the *441 duties of tbe office on wbicb I am about to enter: So help me God.7” (12 Stat. L., p. 502.)
The act is silent as to the person before whom this oath should be taken. This claimant, in Mexico, took and subscribed the oath before the consul-general of Switzerland. His counsel have not furnished us with any evidence of the authority of this officer to administer the oath so as to give effect to the law and justify us in giving him a judgment for his salary. Nor do we know of any right that the consul-general of Switzerland had in the premises.
The record shows that the claimant rendered meritorious service for the United States in Mexico, for a long time, and that he received the approval of the Secretary of State; but-this will not permit us to do ivhat the Department of State might have done’: that is, compensate the claimant according to the value of his services as known to that Department. We have not any discretion beyond the letter of the law, which only authorizes us, under the proofs presented, to pay the claimant as consul for the time he remained in Mexico acting in that capacity. He did not resign his place as consul unless he did so by accepting that of minister, which we find he failed to do.
From the statement of the Comptroller it appears there was due to claimant, as consul for the year ending June 30, 1867, $394 25.' For the residue of the time he served as consul we allow him $338 35. For his services while exercising diplomatic functions, twenty-one days, we allow $85 88.
The case of Savage, in 1 C. Cls. R., p. 170, was, in many respects, different from this, and was decided before the passage of the law requiring that consuls exercising diplomatic functions should be expressly authorized in that behalf.
Judgment is rendered for the claimant for the sum of $818 48. '